UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUBEN Z. FLORES, *et al.*, § § § *Plaintiffs*, § § v. § § DEUTSCHE BANK TRUST COMPANY § AMERICAS, *et al.*, § § *Defendants*. § | CIVIL ACTION H-17-2613 |

### ORDER

Pending before the court is a motion to dismiss filed by defendants Deutsche Bank Trust Company Americas and Bank of America, N.A., (collectively "Defendants"). Dkt. 5. Plaintiffs Ruben and Blanca Flores have not responded. Thus, under Local Rule 7.4, the instant motion is deemed unopposed. Having considered the motion, the record, and the applicable law, the court is of the opinion that Defendants' motion should be GRANTED and the Flores' case be DISMISSED WITH PREJUDICE.

On July 31, 2017, the Floreses sued Defendants in state court asserting multiple claims related to a mortgage on real property in Houston, Texas.¹ Dkt. 1 at 1–2; Dkt. 1–1 at 5. On August 25, 2017, Defendants removed to this court. Dkt. 1. On September 1, 2017, Defendants filed the instant motion. Dkt. 5. On November 21, 2017, Defendants filed a notice of no response. Dkt. 6.

---

¹Specifically, the Floreses claimed that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41; Article 16, Section 50(R)(6) of the Texas Constitution; the Texas Debt Collection Act; and the Texas Deceptive Trade Practices Act. Dkt. 1–1 at 1, 8, 10–12, 14. The Floreses also asserted claimed for unreasonable collection efforts, unjust enrichment, negligence, and breach of contract. Dkt. 1–1 at 11, 14. Finally, the Floreses sought to stay a foreclosure sale pursuant to Section 736.11 of the Texas Rules of Civil Procedure. Dkt. 1–1 at 10.

On November 29, 2017, Defendants filed amended certificates of service for the removed action and for the instant motion.[2]  Dkts. 7, 8.

Here, Defendants move to dismiss under Federal Rules of Civil procedure 12(b)(1) and 12(b)(6).  Dkt. 5 at 8.  Defendants move for a 12(b)(1) dismissal because the Floreses lack Article III standing to sue for breach of contract arising from an alleged violation of a consent order.  Dkt. 5 at 19.  Further, Defendants argue that the RESPA claim fails because the Floreses failed to allege a concrete injury.  *Id.* at 20–21.  The court agrees.  Accordingly, the court lacks subject matter jurisdiction over the Floreses' contract and RESPA claims.  In addition, the court agrees that the remainder of the Floreses' claims fail to meet the 12(b)(6) standard.  *See* Dkt. 5 at 4–10, 14.  Accordingly, Defendants' motion is GRANTED and the Floreses' claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on January 24, 2018.

_____
Gray H. Miller
United States District Judge

---

[2] Because the Floreses' counsel is not admitted to practice in the Southern District of Texas, he may not have received the initial ECF notifications.  However, the record reflects that Defendants served the instant motion via email, regular mail and certified mail, return receipt requested.  Dkts. 7, 8.